"ticket program," and "verification program" that Planet Bingo identifies in its briefs. Instead, the claims recite a program that is used for the generic functions of storing, retrieving, and verifying a chosen set of bingo numbers against a winning set of bingo numbers. And, as was the case in *Alice,* "the function performed by the computer at each step of the process is '[p]urely conventional.'" *Alice,* 134 S.Ct. at 2359 (quoting *Mayo,* 132 S.Ct. at 1298).

Accordingly, we hold that the claims at issue do not have an 'inventive concept' sufficient to 'transform' the claimed subject matter into a patent-eligible application.

### III

We have considered Planet Bingo's remaining arguments and find them unpersuasive. Applying the Supreme Court's precedents, the claims at issue are invalid under § 101.

**AFFIRMED**

**In re LI LIU, Steve Yi Long Chang, and Chenggong Yang.**

No. 2014–1638.

United States Court of Appeals, Federal Circuit.

Aug. 27, 2014.

George G. Wang, Counsel, Millington, NJ, for Li Liu, Steve Yi Long Chang, and Chenggong Yang.

### ON MOTION

### ORDER

Appellants move to withdraw their appeal. Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

**Carmen GUZMAN–MUELLING, Petitioner,**

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

No. 2013–3128.

United States Court of Appeals, Federal Circuit.

Aug. 28, 2014.

Thomas J. Gagliardo, AFGE Local 1923, of Baltimore, Maryland, argued for petitioner.